UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Metropolitan Life Ins. Co.                                    Civil Action No. 08-01480

versus                                                                 Judge Tucker L. Melançon

Theriot, et al                                                        Magistrate Judge C. Michael Hill

**MEMORANDUM RULING**

Before the Court is Defendant in Interpleader, Carla Theriot's, unopposed Motion For Summary Judgment[1] [Rec. Doc. 13]. Plaintiff in Interpleader, Metropolitan Life Insurance Company ("MetLife"), deposited $5000.00 into the registry of the Court, as proceeds from a life insurance policy in which Theriot is the named beneficiary. Theriot moves the Court for summary judgment, awarding her the $5000.00 deposited with the Court and dismissing this action with prejudice.

*Background*

This action is brought under the Employment Retirement Income Security Act (ERISA), 29 U.S.C. §1001, et. seq. Hugh Rundles, ("decedent"), a retiree from Polyone Corporation, was a participant in the Polyone Corporation Plan ("the Plan"), an ERISA-

---

[1] The fact that Theriot's motion is unopposed does not necessarily mean Theriot should prevail on the merits. "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact, and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995). However, failure to file an opposition and statement of contested material facts requires the Court to deem Theriot's statement of uncontested material facts, *R. 13-3*, admitted for purposes of the motion. Local Rule 56.2W.

regulated employee welfare benefit plan sponsored by decedent's former employee, Polyone, and funded by a group insurance policy issued by MetLife to Polyone. *R. 13-3.* MetLife is the claims fiduciary for the Plan. Decedent died on March 11, 2008. *Id., Exh. A, Death Certificate.* At the time of his death, decedent was enrolled under the Plan for Five Thousand Dollars ($5000.00) in life insurance benefits, plus any applicable interest (the "Plan Benefits"). The Plan Benefits became payable on the decedent's death. *R. 13-3.*

In an undated, witnessed and notarized Health Care Directive, Living Will/Health Care Power of Attorney, decedent named Carla Theriot as the agent for health care decisions. *Id., Exh. B.* On March 14, 2007, decedent named Theriot as the sole primary beneficiary of the Plan Benefits. *Id., Exh. C.* The prior beneficiary designation on file with the Plan is dated February 12, 2005, and names Elva B. Latiolais as the sole primary beneficiary of the Plan Benefits. *Id., Exh. D.* It is undisputed that Latiolais predeceased decedent and there were no contingent beneficiaries listed on the February 12, 2005 designation. *Id.*

MetLife represents in its Complaint that after decedent's death, Edward Rundles, Christine Gail Lail, Laurie Marrs and Carla Theriot each executed and submitted a Life Insurance Claim Form - Claimant's Statement, claiming entitlement to all or part of the Plan Benefits. *R. 1.* On October 3, 2008, MetLife filed a Complaint for Interpleader naming Rundles, Lail, Marrs and Theriot as defendants in Interpleader. Each defendant executed waivers of service of summons on October 9, 2008, acknowledging receipt of a copy of the

Complaint and that a judgment may be entered against him or her if an answer was not filed within 60 days, or by December 9, 2008. *R. 3,4,5,6.* Theriot answered the Complaint on December 5, 2008. None of the other defendants in Interpleader answered the Complaint or made an appearance. On December 18, 2008, MetLife deposited the five thousand dollars ($5000.00) of Plan Benefits with the Court. *R. 11*.

Theriot filed this motion for summary judgment on August 13, 2010. *R. 13.* Prior to considering Theriot's Motion, on September 27, 2010, the Court entered an order stating:

> [C]ounsel for Carla Theriot is to mail a copy of the Motion for Summary Judgment and this Order to all defendants in Interpleader at their last known address via Certified Mail and file each receipt into the record of this matter.

The Court further ordered:

> [A]ny opposition to the motion by defendant(s) in Interpleader, Christine Rundles Lail, Edward Rundles or Laurie Marrs, must be filed within 21 days of the entry of this Order. In the absence thereof, the Court will grant the Motion for Summary Judgment of Carla Theriot without further notice.

*R. 16.*

The record establishes that receipts of service were filed as to defendants in Interpleader, Christine Rundles Lail, Edward Rundles and Laurie Marrs, and that each defendant in Interpleader was serviced with a copy of Theriot's Motion For Summary Judgment on October 6, October 5 and October 4, 2010, respectively. *R. 17, 18, 19.* As provided by the Court's Order, any opposition to the Motion was due by October 21, 2010. *R. 16.* As of the date of this Memorandum Ruling and Judgment, no opposition has been filed.

*Motion For Summary Judgment Standard*

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994) (*en banc*). Initially, the party moving for summary judgment must demonstrate the absence of any genuine issues of material fact. When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Id*. If the moving party fails to carry this burden, his motion must be denied. If he succeeds, however, the burden shifts to the non-moving party to show that there is a genuine issue for trial.[2] *Id*. at 322-23. Once the burden shifts to the respondent, he must direct the attention of the court to evidence in the record and set forth specific facts sufficient to establish that there is a genuine issue of material fact requiring a trial. *Celotex Corp.*, 477 U.S. at 324; Fed.R.Civ.Pro. 56(e). There must be sufficient evidence favoring the non-moving party to

---

[2] Where the nonmoving party has the burden of proof at trial, the moving party does not have to produce evidence which would negate the existence of material facts. It meets its burden by simply pointing out the absence of evidence supporting the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. To oppose the summary judgment motion successfully, the non-moving party must then be able to establish elements essential to its case on which it will bear the burden of proof at trial. A complete failure of proof by the nonmoving party of these essential elements renders all other facts immaterial. *Id.* at 322.

support a verdict for that party. *Anderson*, 477 U.S. at 249; *Wood v. Houston Belt & Terminal Ry.*, 958 F.2d 95, 97 (5th Cir. 1992). There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

If no issue of fact is presented and if the mover is entitled to judgment as a matter of law, the court is required to render the judgment prayed for. Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 322. Before it can find that there are no genuine issues of material fact, however, the court must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Id.*

*Analysis*

The undisputed facts establish that Theriot is the sole primary beneficiary of the Plan Benefits, thus, she is entitled to the $5,000 deposited with the Court. Accordingly, Theriot's unopposed Motion For Summary Judgment will be granted.

Additionally, the Court notes that MetLife named four defendants in this Interpleader action, Theriot, Edward Rundles, Christine Rundles Lail and Laurie Marrs. Only Theriot filed an answer to Met Life's Interpleader and neither Edward Rundles, Christine Rundles Lail nor Laurie Marrs made any response to the Court's ordered mailing by plaintiff's counsel. Theriot does not cite, and the Court did not find, any Fifth Circuit jurisprudence on point. The case law that does exist establishes that "[a] named interpleader defendant who

fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been asserted." *Shuqualak Lumber Co., Inc. v. Hardin*, WL 2767676, 1 -2 (N.D.Miss.,2009) (citing *Gulf Coast Galvanizing, Inc. v. Steel Sales Co.*, 826 F.Supp. 197, 203 (S.D.Miss. May 7, 1993). *See also General Acc. Group v. Gagliardi*, 593 F.Supp. 1080, 1089 (D.C.Conn.,1984) (The failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the res can be viewed as forfeiting any claim of entitlement that might have been asserted.).